*Eli Brown, for appellee.*

---

### JOHNSEY BROWN *v.* P. S. BOARD ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—612.]

**Waiver of Defense Under Statute of Frauds.**

One may waive, by a pleading, his rights to plead and rely upon the statute of frauds as a defense; and where one by a pleading consents that real estate sold by and under a verbal contract may be conveyed upon satisfactory proof that the property was purchased and paid for, he waives the right to plead the statute of frauds as a defense.

APPEAL FROM MARION CIRCUIT COURT.

February 2, 1882.

OPINION BY JUDGE LEWIS:

Appellees, the heirs-at-law of Felix Mercer, deceased, having in their reply waived the right to plead and rely upon the statute of frauds as a defense, and consenting that a conveyance of the house in controversy should be made to appellant upon satisfactory proof by him that he purchased and paid for the property, the only question really in the case is, whether he has made such proof.

By two witnesses, whose credibility no attempt was made to impeach, he proved that Felix Mercer sold to him the house and lot at a fixed price, put him in possession, acknowledged the full payment, and promised to make to him a deed therefor. As the statements of these two witnesses are not contradicted, improbable, or materially contradictory, or incompetent, there appears no reason to reject them and they must be taken as true.

We do not regard the pleadings by appellant or the proceedings had in the action by him against the administrators of Felix Mercer, deceased, referred to by counsel as an estoppel, as even inconsistent with the claim set up in this action by appellant.

In that action he gave the estate credit upon his account by the price at which the house and lot was sold by him, and the issue presented to and tried by the jury was simply as to his right to receive the balance after deducting the $300 he agreed to pay for the property. But if that was not so, appellees waived the right to plead it as a defense.

We are therefore of the opinion that appellant is entitled to the possession of the house and lot and a deed therefor, and that the court below erred in confirming the report of sale to appellee, Smith, and in directing a writ of possession to issue to him. Wherefore the judgment is *reversed* and cause remanded with directions to set aside the confirmation of sale and restore the possession to appellees, and for further proceedings consistent with this opinion.

*J. R. Thomas, for appellant.*
*Russell & Avritt, for appellees.*